Reese, J.
delivered the opinion of tbe court.
The prisoner was indicted and convicted of horse stealing, in the Criminal Court of the county of Davidson. The indictment alledges tbe property stolen to belong to one Wilson Page. The substance of the proof in the case is, that the prisoner rode the horse to Nashville in the evening, and stopped at a tavern, the appearance of the horse indicating that he had been ridden with speed. The prisoner almost immediately procured an auctioneer to sell the horse at public outcry, and he was sold for the sum of twenty dollars, being worth about fifty. As the sale was in progress, the auctioneer thought the prisoner looked excited and apprehensive, which induced him to think the horse had been stolen. Prisoner had registered himself at the tavern by a feigned or assumed name; and when he received the money for which the horse had been sold, he left the tavern, without paying his bill, or reclaiming the old saddle and bridle, and went onboard a steamboat. It happened, that *384 the auctioneer of the horse, in company with another person, went the same evening aboard the same steamboat. Upon seeing them, the prisoner leaped from the stern guard of the boat, upon the wharf, and ran down Water street. The next morning, the auctioneer went on board the same boat, and saw the prisoner there. When the prisoner saw him he leaped from the stern of the boat into the river and swam ashore. The auctioneer arrested him for stealing the horse. These circumstances strongly manifest a consciousness on the part of the prisoner, that some flagrant wrong had been committed by him, and an apprehension that it was known; which wrong probably related to his possession and disposition of the horse. We are told by an early and most venerable authority, that the wicked fly, when no one pursues; and we are told elsewhere, that conscience makes men cowards. If the corpus delicti had been proved, — that is, that the horse had been stolen, — much less than the circumstances proved would have established that the prisoner was the thief; but strong as the circumstances are, they are not proper and adequate, of themselves, to prove the corpus delicti, namely, that the horse was so taken, and carried away from the possession of the owner, as to constitute such taking and carrying away a felony. These circumstances might all have occurred, if the horse had been fraudulently converted or forcibly seized by the prisoner; or if he had committed some crime unconnected with the possession of the horse, the knowledge of which he feared might have reached the public. The prosecutor, in the court below, aware of this, called a witness, who proved that a man calling himself Wilson Page, whom he knew not, came to Nashville, claimed the horse and took him away; and of this witness, the counsel for the prisoner enquired, “where the man calling himself Wilson Page said he came from.” The witness replied, that “he said hé lived in Russellville, Kentucky, but that the horse was stolen from him at Clarksville.” These declarations of Page, or of the person claiming the horse, thus elicited and unobjected to, were before the court and jury in a manner to prevent the prisoner from here assigning their admission by the court as error. It was, then, competently proved *385 that a man calling himself Wilson Page said that the horse was stolen from him at Clarksville. The jury had evidence to believe that this man said so. What evidence had they that he said the truth? He was not on oath; he was not even in the presence of the prisoner. Moreover,- his statement involves a question of fact and of law: he says that the horse was stolen: how, and under what circumstances was the property taken? It would be desirable to know more than his opinion that the facts attending the transaction constituted larceny: it would be desirable to know the facts themselves, so that the court and jury could judge for themselves, whether those facts in point of law amounted to a felonious taking and carrying away of the property.
Upon the whole, therefore, the evidence establishing the corpus'delicli is too slight to sustain a verdict of conviction. The crime, as well as the criminal, must be shown. Upon general principles, therefore, and fop sake of the precedent, rather than from any apprehension of punishing, in this case, an innocent man, we are constrained to reverse the judgment and award a new trial.